801 A.2d 1194 (2002)
353 N.J. Super. 203
Roger ARAYA and Grace Munoz, Plaintiffs-Appellants,
v.
FARM FAMILY CASUALTY INSURANCE COMPANY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted May 14, 2002.
Decided July 18, 2002.
*1195 Maggiano, DiGirolamo & Lizzi, attorneys for appellants (Michael Maggiano, on the brief).
*1196 Barrett, Lazar & Lincoln, attorneys for respondent (Virginia M. Barrett on the brief).
Before Judges PRESSLER, WEFING and FUENTES.
The opinion of the court was delivered by FUENTES, J.S.C. (temporary assigned).
Plaintiff Roger Araya appeals the summary judgment dismissing his declaratory judgment action seeking under-insured motorist (UIM) coverage under his employer's business auto policy. We reverse.
Plaintiff was employed as a landscaper by Christopher Mahon, the sole proprietor of Mahon Landscaping. Plaintiff was struck from behind by a car and grievously injured while standing near or on the sidewalk trimming a lawn. He brought suit against the driver. Despite the severity of the injuries the case was settled for $100,000, the limit of the driver's insurance policy.
Thereafter, plaintiff made a claim for UIM coverage under his employer's $500,000 business auto policy issued by defendant Farm Family Casualty Insurance Company (Farm Family). Defendant disclaimed coverage as to plaintiff, finding he was not an insured under the policy. The carrier takes the position that the policy was issued to Mahon personally. The motion judge apparently agreed and dismissed the claim on summary judgment. Therefore, the question of coverage turns on whether the named insured is Mahon or the business entity Mahon Landscaping.
We start our analysis by reaffirming a basic tenet of insurance law: insurance policies, as contracts of adhesion, are subject to special rules of interpretation. Longobardi v. Chubb Insurance Co., 121 N.J. 530, 537, 582 A.2d 1257 (1990), citing Meier v. New Jersey Life Insurance Co., 101 N.J. 597, 611-12, 503 A.2d 862 (1986). Policies must be construed liberally in favor of the insured's reasonable expectations of coverage. Gibson v. Callaghan, 158 N.J. 662, 671, 730 A.2d 1278 (1999); United Serv. Auto. Ass'n v. Turck, 156 N.J. 480, 492-493, 721 A.2d 1 (1998); American Motorists Insurance Co., v. L C A Sales Co., 155 N.J. 29, 41, 713 A.2d 1007 (1998); Harr v. Allstate Insurance Co., 54 N.J. 287, 303-304, 255 A.2d 208 (1969); Kievit v. Loyal Protective Life Insurance Co., 34 N.J. 475, 482-83, 170 A.2d 22 (1961); Donato v. Market Trans. Facility, 299 N.J.Super. 37, 48, 690 A.2d 631(App.Div.), certif. den. 151 N.J. 71, 697 A.2d 544 (1997).
In Cook-Sauvageau v. PMA Group, 295 N.J.Super. 620, 685 A.2d 978 (App.Div. 1996), certif. den., 150 N.J. 29, 695 A.2d 671 (1997) we held that an employee who was injured while operating a company vehicle during the course of employment was entitled to UIM coverage under the employer's business auto policy. This holding was premised upon both the plain reading of the policy and an application of fundamental insurance law principles.
[I]t would be manifestly inconsistent with the plain language of the UIM endorsement of [the defendant's] business automobile policy and the reasonable expectations of both the employer and employee to deny the benefits of UIM coverage to an employee injured while operating one of the employer's vehicles during the course of employment.
When as in this case a business automobile policy is issued to a corporate employer, the actual purchaser of the policy cannot itself suffer bodily injury and thus could not maintain a claim for UIM benefits except perhaps in the rather *1197 unusual situation where its collision coverage was insufficient to cover the full damages to its vehicle. On the other hand, if the UIM endorsement is construed to extend coverage to the business' employees, it provides a financial benefit not only to the employees but also to the employer. Id. at 627-28, 685 A.2d 978.
We find that the named insured here was the business entity of Mahon Landscaping and apply Cook-Sauvageau to hold that plaintiff is entitled to UIM coverage under the employer's business auto policy.
Farm Family sold this commercial auto policy to Mahon Landscaping through its authorized agent. In his presentation the agent gave premium quotes that included UIM coverage for each of the vehicles used by Mahon Landscaping. The proposal packaged a number of business-related insurance policies, including commercial general liability, inland marine coverage, worker's compensation insurance and a business auto policy.
The agent's proposal expressly referred to the policy at issue here as a "business auto, commercial auto" policy. In deposition testimony the agent stated that he was aware that Mahon had personal insurance policies separate from his business.
AGENT: There was a personal auto policy for Christopher and Jackie [wife] Mahon, and a homeowner's policy of Christopher.
QUESTION: That doesn't come under the business policies?
AGENT: No. Those are personal.
QUESTION: There's a different type of rating system, is that why?
AGENT: No. It's personal lines and then commercial lines. We keep it separate.
QUESTION: So they kept the company separate from the personal coverage?
AGENT: Yes. I wrote their commercial coverage, their business coverage first, and then once they were a client of mine sometime after that, I don't know the exact dates, they asked me to take a look at their personal insurance. Then I wrote their auto and homeowners as well, and there's also a disability policy on Christopher.
The agent further testified that he believed that the vehicles covered under the business policy were to be used only in connection with the Mahon Landscaping Company. He specifically indicated that the commercial policy application had a number of "check-off" boxes indicating the types of business uses anticipated, i.e., service, retail and commercial, but did not have a box for "family use" because it was a commercial policy. Furthermore, Farm Family's Director of Property Claims certified that the named insured on the policy was Mahon Landscaping.
Both the agent and the senior underwriter for Farm Family testified in depositions that the carrier had one standard form of policy for a business, whether it was organized as a proprietorship, partnership or corporation. In fact, the policy language remained unchanged after Mahon incorporated his landscaping business following the accident.
The policy's Declarations Page indicated the named insured as follows:
Christopher W. Mahon
Mahon Landscaping
P.O. Box 1359
Union, NJ XXXXX-XXXX
Further down on the same page, Mahon, Rafael A. Rojas and plaintiff were listed as covered drivers. Mahon testified that he designated plaintiff and Rojas as covered drivers on the policy because they were his "main guys," and he wanted them to be covered to the same extent that he was *1198 himself. He testified that by naming them as covered drivers he intended to include both employees as insureds under the policy.
QUESTION: Was it your understanding when they [plaintiff and co-employee] were listed that they'd also be protected as pedestrians if they were hit by motor vehicles?
MAHON: My understanding was that they'd be covered on this Declarations Page as well as me.
QUESTION: Did any Farm Family representative ever tell you that you were covered in more situations than they were covered, or they were covered in less situations than you were covered?
MAHON: No.
The policy also included, on a separate page, an endorsement expanding the coverage to provide uninsured motorist (UM)and UIM protection. Under the endorsement an "insured" is covered for compensatory damages due to bodily injury sustained by the insured, or property damage caused by an accident caused by the driver of an uninsured or under-insured motor vehicle. The UM/UIM endorsement page defines an "insured" as follows:
1. You.
2. If you are an individual, any "family member."
3. Anyone else "occupying" a covered "auto"....
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured."
As we have previously stated we must construe this automobile insurance policy consistent with the insured's reasonable expectations of coverage. There is nothing about the policy that alerts a reasonable person that the intended coverage was personal to Mahon. As Farm Family's representatives readily acknowledged, the form of policy issued did not depend upon the organizational structure of the business, i.e. sole proprietorship, partnership or corporation.
In Lehrhoff v. Aetna Casualty & Surety Co., 271 N.J.Super. 340, 346-47, 638 A.2d 889 (App.Div.1994), we recognized the singular importance of the Declarations Page as the best indicator of what an insured's reasonable expectations should be.
There has been little judicial consideration of the import of the declaration page of an insurance policy in terms of construction of the policy as a whole and in terms of its capacity to define the insured's reasonable expectations of coverage. We, however, regard the declaration page as having signal importance in these respects.... We are, therefore, convinced that it is the declaration page, the one page of the policy tailored to the particular insured and not merely boilerplate, which must be deemed to define coverage and the insured's expectation of coverage. And we are also convinced that reasonable expectations of coverage raised in the declaration page cannot be contradicted by the policy's boilerplate unless the declaration page itself so warns the insured. (Emphasis added.)
The only reference in the Declarations Page as to who can reasonably expect to be a covered individual for UIM purposes as an agent for the named insured is the list of included drivers. This is the only rational interpretation of the ambiguous language used in the UIM endorsement.
Thus, if defendant's position as to UIM coverage is accepted here it would be reminiscent of the no-win scenario described by Judge Baime in Owens-Illinois, Inc., v. United Ins. Co., 264 N.J.Super. 460, 491, 625 A.2d 1 (App.Div.1993), as "the unholy mantra" of "we collect premiums; we do not pay claims."
It is of course true that where there is no ambiguity present in an insurance *1199 contract, it will be enforced as written. Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 405 A.2d 788 (1979); DiOrio v. New Jersey Manufactures Insurance Co., 79 N.J. 257, 398 A.2d 1274 (1979). However, where there is an ambiguity, that ambiguity must be resolved against the insurer and in favor of coverage. Cruz Mendez v. ISU/Ins. Servs., 156 N.J. 556, 571-72, 722 A.2d 515 (1999); Doto supra, 140 N.J. at 556, 659 A.2d 1371 (1995); Hunt v. Hospital Serv. Plan of New Jersey, 33 N.J. 98, 162 A.2d 561 (1960). A "genuine ambiguity" originates only "where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." Weedo, supra, 81 N.J. at 247, 405 A.2d 788. Our interpretation here is consistent with these principles.
In this case the ambiguity arises from Farm Family's failure to designate a natural person or persons entitled to UIM coverage under the policy. In construing ambiguous language in an insurance policy, courts should determine whether clearer drafting by the insurer "would have put the matter beyond reasonable question." Progressive Casualty Insurance Co., v. Hurley, 166 N.J. 260, 274, 765 A.2d 195 (2001), citing Doto v. Russo, 140 N.J. 544, 557, 659 A.2d 1371 (1995), (quoting Mazzilli v. Accident & Cas. Ins. Co., 35 N.J. 1, 7, 170 A.2d 800 (1961)).
Here the drafters could have easily and unambiguously identified the named insured. If Mahon as an individual was the intended insured, the policy should not have included any reference to the business entity and should have clearly identified Mahon as an individual by including the words "individually" or "personally." Conversely, if the business entity is the insured, the employees entitled to UIM coverage should also be clearly identified.
We hold that when a business auto policy fails to designate the insured business entity's human agent or agents entitled to receive UIM benefits, we will look to the Declarations Page as the best indicator of the insured's reasonable expectations of coverage. Any ambiguity created by boilerplate provisions found elsewhere in the policy will be resolved against the drafters of the policy and in favor of coverage. In this case, the covered drivers listed in the Declarations Page provide the best indication of who is to receive UIM benefits.
There is no question under this analysis that plaintiff is entitled to UIM benefits as if he were a named insured. His rights derive from the issuing of the policy to a business entity and his designation as a covered driver. Therefore, plaintiff is entitled to recover UIM benefits under this policy.
The trial court's entry of summary judgment in favor of defendant and against plaintiff is reversed. Judgment is entered in favor of plaintiff finding him entitled to UIM benefits under his employer's business auto policy.