**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2101-19

FREDERICK MILLER,

      Plaintiff-Respondent,

v.

FARMERS INSURANCE
COMPANY,

      Defendant-Appellant,

and

USAA PROPERTY AND
CASUALTY INSURANCE
COMPANY,

      Defendant-Respondent.

_____

      Argued April 21, 2021 – Decided May 28, 2021

      Before Judges Geiger and Mitterhoff.

      On appeal from the Superior Court of New Jersey, Law
      Division, Cumberland County, Docket No. L-0414-19.

Brian M. Doyno argued the cause for appellant (Law Office of Nancy L. Callegher, attorneys; Bryan M. Doyno, on the brief).

Brielle K. Winkler argued the cause for respondent, USAA Property and Casualty Insurance Company (Marshall Dennehey Warner Coleman & Goggin, attorneys; Brielle K. Winkler, on the brief).

Marianne Bryant argued the cause for respondent, Frederick Miller (Borbi, Clancy & Patrizi, LLC, attorneys; Marianne Bryant, on the brief).

PER CURIAM

Plaintiff Frederick Miller (Frederick)[1] brought this declaratory judgment action against defendants Farmers Insurance Company (Farmers) and USAA Property and Casualty Insurance Company (USAA), claiming that he had been improperly denied Personal Injury Protection (PIP) and Uninsured Motorist (UM) benefits following an automobile accident, and seeking judgment that Farmers, USAA, or both, were required to provide those benefits.

Frederick moved for summary judgment against Farmers, and Farmers and USAA each cross-moved for summary judgment seeking to have the other declared responsible for PIP and UM benefits. The trial court rejected Farmers' argument that it could exclude Frederick from PIP benefits, finding that

---

[1] For clarity, we refer to Frederick Miller and others with the same surname by their first names. No disrespect is intended.

A-2101-19

Frederick was a "named insured" on the Farmers policy, and that he was not a "named insured" on the USAA policy, because he was not listed on the declaration page. It also rejected Farmers' argument that Farmers and USAA are required to provide UM benefits on a pro rata basis. The trial court granted summary judgment in favor of Frederick against Farmers and dismissed the claims against USAA. It denied Farmers' motion for reconsideration. Farmers appeals those rulings. We reverse and remand.

I.

The motion record reveals the following facts, which are largely undisputed. On September 6, 2018, Frederick was injured in an automobile accident while driving a 2010 Chevrolet Avalanche owned by his mother, Margaret Miller (Margaret). Frederick was stopped at an intersection when he was rear-ended by an uninsured vehicle. The Avalanche was insured under a Farmers policy maintained by Margaret that did not list Frederick as a "named insured." Instead, he was listed as a covered additional driver.

At the time of the accident, Frederick and his wife, Angel La Shawn Miller, were in the process of obtaining a divorce and lived apart. Angel had moved out of the former marital home located in Vineland in May 2018 while Frederick and his minor children continued to live there.

Angel maintained a USAA automobile insurance policy, effective March 14, 2018 through March 14, 2019, which listed the former marital home as her address. Angel informed USAA of her address change on May 23, 2018. Frederick is not listed on the USAA policy declaration page as a named insured or additional driver.

On December 10, 2018, Frederick applied to Farmers for PIP benefits, claiming neck and back injuries. He subsequently applied for UM benefits after learning the other vehicle was uninsured. Farmers sought pro-rata contribution from USAA for the UM benefits.

In an April 17, 2019 letter to Frederick's attorney, USAA stated that Frederick "was not in a USAA insured vehicle and is listed as a Non-Operator on our policy. There is no first party medical coverage to extend under this policy. If [Frederick] has sought medical attention . . . [h]e must file . . . under his own policy." In a June 26, 2019 letter, USAA rejected Frederick's claim for UM benefits, stating: "Mr. Miller was not a resident of the household and was listed as a Non[-]Operator. He is not listed on the declaration page and the vehicle involved was not insured with USAA."

Farmers also rejected Frederick's claim for PIP and UM benefits. To date, Frederick has not received any PIP or UM benefits from Farmers or USAA.

A-2101-19

A.  The Farmers Policy

The Farmers policy's declaration page listed Margaret as the only named insured.  However, Margaret and Frederick are listed as "household drivers" and their "Driver Status" is listed as "Covered."  "**Household Drivers**"[2] is defined as "[a]ll persons who drive or will occasionally be driving any of the cars on the policy . . . ."  The Avalanche was listed as an insured vehicle.

The Farmers policy defines "**Named insured**" as "the person or persons listed on the **Declarations Page** as the **named insured**."  "Covered," as used in the declaration page, is not defined.  For PIP coverage purposes, the definition of "**Insured person**" includes the named insured and family members residing in their household, as well as "[a]ny other person while **occupying** . . . **your insured car** . . . or shown on **your Declarations Page**, with the **named insured's** express or implied permission."  However, any "**insured person**" who "is entitled to [PIP] coverage as a **named insured** or **family member** under the terms of another policy" is excluded from PIP coverage under the policy.

For purposes of UM coverage, "**Insured person**" is defined to include "**You**, any **family member** . . . or any other person listed as an additional driver

---

[2]  All quoted bold text is so emphasized in the policies.  Bold text indicates that the term is defined in the policy.

A-2101-19

on the **Declarations Page**," and "[a]ny person while **occupying your insured car** with **your** permission . . . ." "**You**" is defined in the general definition section as "the **named insured** shown on the **Declarations Page** and **your** spouse, if a resident of **your** household."

B. The USAA Policy

The USAA policy's declaration page listed Angel as the named insured, and the former marital home as her address. The only vehicle insured under the USAA policy was a 2015 Ford Explorer. A section for "operators" also lists only Angel. Frederick is not named on the declaration page.

In the definitions section, "**You**" is defined as "the 'named insured' shown on the Declarations and spouse . . . when a resident of the same household." "**Family member**" is defined as "a person related to **you** by blood [or] marriage . . . who resides primarily in your household."

In contrast, in the section governing PIP coverage, "**Covered person**" is defined as:

> 1. Any **named insured** or **family member** who sustains [bodily injury]:
>
> a. As a result of any accident while **occupying** or using an **auto**; or
>
> . . . .

2. Any other person who sustains [bodily injury] while **occupying** or using the **insured automobile** with any **named insured's** permission.

However, a **family member** who is a **named insured** under another automobile insurance policy is not a **covered person**.

The PIP coverage section of the policy separately defines "**Named insured**" to mean "the person named on the Declarations and that person's spouse if a resident of the same household. However, if the spouse ceases to be a resident of the same household during the policy period, the spouse will be a **named insured** for the full term of that policy period." Therefore, as to PIP coverage, a "named insured" (and by extension, a "covered person") includes a non-resident spouse if he resided in the named insured's household when the policy term began.

The policy contains multiple exclusions from PIP coverage, including: "**We** do not provide [PIP] benefits under this Part because of the [bodily injury] to any **family member** if that **family member** is entitled to New Jersey PIP Coverage as a **named insured** under the terms of another policy." Another exclusion states: "**We** do not provide benefits under this Part because of the [bodily injury] to any **covered person** . . . [o]ther than the **named insured** or

7

**family member** if that person is entitled to New Jersey PIP Coverage as a **named insured** or resident relative under the terms of another policy."

Under the section governing UM Coverage, "**Covered person**" is defined as "**You** or any **family member**" and "[a]ny other person **occupying your covered auto.**" This definition of "**Covered person**" includes "**You**," meaning the named insured and his or her spouse "when a resident of the same household," and does not contain the PIP coverage language protecting a resident spouse who "ceases to be a resident of the same household during the policy period."

### C. The Relevant Procedural History

On July 9, 2019, Frederick filed a complaint against Farmers and USAA, seeking a declaratory judgment that either Farmers or USAA were required to provide him with PIP and UM benefits. Farmers and USAA filed answers denying coverage for those benefits.

Frederick moved for summary judgment against Farmers for the payment of PIP and UM benefits. USAA cross-moved for summary judgment against Frederick. Farmers then cross-moved for summary judgment, seeking an order dismissing the complaint against Farmers and directing USAA to provide Frederick with PIP and UM coverage. Frederick and USAA both asserted that

Frederick was "not a named insured" on the USAA policy, which Farmers denied.

During oral argument, the judge repeatedly focused on whether Margaret was paying an additional premium to insure Frederick under the Farmers policy. Farmers contended there was no indication that it charged an additional premium for covering an additional driver.

Farmers acknowledged that it would "owe" Frederick PIP coverage, but only as a "listed driver," not a "named insured," and only if he was not covered as the "named insured" on another policy. It argued that Frederick was a "named insured" on the USAA policy because he was the named insured's spouse and a resident of her household.

USAA did not dispute that Frederick was living in the former marital residence at the inception of the policy and at the time of the accident but asserted that Angel "specifically indicated that [Frederick] was not going to drive any [USAA insured] cars." Frederick was not driving a USAA insured vehicle at the time of the accident.

On December 12, 2019, the judge issued three orders and an accompanying memorandum of decision granting summary judgment to Frederick and USAA, holding Farmers solely responsible for payment of PIP

9

and UM benefits related to the accident.[3] The judge concluded that "plaintiff is a named insured under the Farmers policy" because he was "named on the declaration page as covered under this policy of insurance when he was operating the vehicle that was involved in the subject accident" and had "a clear expectation" of coverage. The judge noted that Farmers' "policy rate include[d] him," and Margaret was "paying for him to be covered."

The judge rejected Farmers' argument that Frederick was a "named insured" on the USAA policy by virtue of being Angel's spouse and a resident of the same household during the policy period. He concluded that "[t]he spouse must be named in the policy, not just be living there to be covered." The judge determined Frederick was not covered by USAA because he was not named anywhere on USAA's policy and Angel was not paying to cover him.

Farmers moved for reconsideration. The judge issued an order and oral decision denying the motion. Relying on the definition of "named insured" set forth in N.J.S.A. 39:6A-2(g), he reiterated that Frederick was not a named insured under the USAA policy because he was not named as a spouse residing in the same household. This appeal followed.

---

[3] The orders: (1) granted plaintiff summary judgment against Farmers; (2) granted USAA's cross-motion for summary judgment; and (3) denied Farmers' cross-motion for summary judgment.

Farmers raises the following points for our consideration:

POINT I

[FREDERICK] WAS A "NAMED INSURED" UNDER [USAA'S POLICY] AT THE TIME OF THE MOTOR VEHICLE ACCIDENT ON SEPTEMBER 6, 2019[,] AND, CONSEQUENTLY, USAA IS SOLELY RESPONSIBLE FOR NO-FAULT BENEFITS.

POINT II

THE TRIAL COURT ERRED IN ITS APPLICATION OF N.J.S.A. [17:28-1 to -8] WHEN HOLDING [FARMERS] OWES [FREDERICK] ALL AVAILABLE UNINSURED MOTORIST COVERAGE AS OPPOSED TO A PRO-RATA BASIS AMOUNT BETWEEN [FARMERS] AND [USAA].

II.

We review a summary judgment motion ruling de novo, applying the same standard governing the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 540 (1995). We review issues of law de novo and "do not

11

defer to interpretive conclusions by the trial court . . . that we believe are mistaken." Nicholas v. Mynster, 213 N.J. 463, 478 (2013) (citing Zabilowiz v. Kelsey, 200 N.J. 507, 512-13 (2009)).

"[T]he decision to grant or deny a motion for reconsideration rests within the sound discretion of the trial court." Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Reconsideration is limited to those cases in which either: (1) "the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis"; or (2) "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). "Thus, a trial court's reconsideration decision will be left undisturbed unless it represents a clear abuse of discretion." Pitney Bowes Bank, 440 N.J. Super. at 382 (citing Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

"Insurance policies are contracts." Botti v. CNA Ins. Co., 361 N.J. Super. 217, 224 (App. Div. 2003). "The interpretation of an insurance policy is one of law." Powell v. Alemaz, Inc., 335 N.J. Super. 33, 37 (App. Div. 2000). A court interpreting an insurance policy "must start with the plain language of the policy

. . . ." Hardy ex rel. Dowdell v. Abdul-Matin, 198 N.J. 95, 101 (2009). However, "insurance policies are subject to special rules of interpretation." Botti, 361 N.J. Super. at 224 (citing Araya v. Farm Family Cas. Ins. Co., 353 N.J. Super. 203, 206 (App. Div. 2002)). "[A]ny ambiguity in an insurance contract must be resolved against the insurer and in favor of coverage." Ibid. (citing Cruz-Mendez v. ISU/Ins. Servs., 156 N.J. 556, 571 (1999); Doto v. Russo, 140 N.J. 544, 556 (1995)). "However, if there is no ambiguity present, an insurance contract will be enforced as written." Ibid.

Nevertheless, where "the plain language of a policy provision is based on statutory authority, the policy must be interpreted and construed in a manner consistent with the statute." Hardy ex rel. Dowdell, 198 N.J. at 102. We examine the Farmers and USAA policies guided by those principles.

III.

We first address responsibility for providing PIP benefits. Farmers argues the trial court erred in holding it solely responsible for paying PIP benefits to Frederick. There are three components to its argument. First, Farmers is entitled by statute and the terms of its policy to exclude an otherwise insured person from PIP benefits if he is a "named insured" on another policy, but not on its own policy. Second, Frederick was covered by the Farmers policy, but not as a

13

"named insured."  Third, Frederick was a "named insured" on the USAA policy

by operation of statute.

N.J.S.A. 39:6A-4 provides in relevant part:

> [E]very standard automobile liability insurance policy
> . . . shall contain [PIP] benefits for the payment of
> benefits without regard to negligence, liability or fault
> of any kind, <u>to the named insured and members of his
> family residing in his household</u> who sustain bodily
> injury as a result of an accident <u>while occupying</u>,
> entering into, alighting from <u>or using an automobile</u>, or
> as a pedestrian, caused by an automobile . . ., and to
> other persons sustaining bodily injury <u>while occupying</u>,
> entering into, alighting from <u>or using the automobile of
> the named insured, with permission of the named
> insured</u>.
>
> [(emphasis added).]

In turn, the PIP statute specifically defines "named insured."

> "Named insured" means the person or persons
> identified as the insured in the policy and, if an
> individual, his or her spouse, if the spouse is named as
> a resident of the same household, except that if the
> spouse ceases to be a resident of the household of the
> named insured, coverage shall be extended to the
> spouse for the full term of any policy period in effect at
> the time of the cessation of residency.
>
> [N.J.S.A. 39:6A-2(g).]

However, N.J.S.A. 39:6A-7(b)(3) and (4) expressly permit an insurer to

exclude a person from PIP benefits if they are the "named insured" on another

14

policy. In addition, N.J.S.A. 39:6A-7(b)(3) permits an insurer to exclude a person from PIP benefits "if that person is entitled to coverage" as a "member of the named insured's family residing in [her] household under the terms of another policy . . . ." These exclusions are consistent with N.J.S.A. 39:6A-4.2, which provides in relevant part:

> [T]he [PIP] coverage of the named insured shall be the primary coverage for the named insured and any resident relative in the named insured's household who is not a named insured under an automobile insurance policy of his own. No person shall recover personal injury protection benefits under more than one automobile policy for injuries sustained in any one accident.

Under the Farmers policy, Frederick is "an insured person," not a "named insured." Only Margaret was listed as a "named insured," while Frederick was listed as a covered driver. Therefore, enforcing the policy as written, Frederick is an "insured person," who Farmers may exclude from PIP benefits if he is the "named insured" on another policy. See N.J.S.A. 39:6A-7(b).

USAA argues that there is no distinction in the Farmers policy or case law "between a 'covered driver' and a 'named insured' for purposes of PIP benefits." On the contrary, that distinction can be found in Farmers' policy, the PIP statute, and in case law. See Botti, 361 N.J. Super. 222-24 (distinguishing between a "named insured" and a mere "insured"). In Botti, we concluded that "the term

'named insured' is self-defining" and "refers only to the names so appearing in the declaration." Id. at 226. "On the other hand, an insured is [anyone] who is entitled to coverage," which may include "an operator or occupier of a covered auto" or a family member of the "named insured." Ibid.

Relying on Lehrhoff v. Aetna Cas. & Sur. Co., 271 N.J. Super. 340 (App. Div. 1994), USAA maintains that Farmers is solely responsible for covering Frederick because he had a "reasonable expectation of coverage" under Farmers' policy. In Lehrhoff, the plaintiff was the adult son of the named insured. Id. at 342. The court concluded the plaintiff had a reasonable expectation of coverage, and that to prevent injustice, his expectations of coverage overcame the policy's limited definition of "family member." Id. at 349-50.

The controlling facts in Lehrhoff are distinguishable. In Lehrdoff, the section governing UM coverage did not state that the plaintiff was not entitled to coverage. Id. at 349. Here, by contrast, an exclusion within the PIP section of Farmers' policy states that benefits will not be provided to a covered person who is the named insured on another policy. That exclusion is permitted under N.J.S.A. 39:6A-7(b)(3) and (4). Nothing in Lehrhoff suggests that an exclusion provided by statute and unambiguously restated in an insurance policy must be

invalidated because a plaintiff was, consistent with that exclusion, listed as a "covered driver" but not a "named insured" on the declarations page.

Moreover, the denial of PIP benefits under the Farmers policy will not result in an injustice since he is entitled to PIP benefits as a "named insured" under the USAA policy. While Frederick had a reasonable expectation of coverage from Farmers, he did not have a reasonable expectation of being covered as a "named insured." Even a cursory review of the policy reveals that it draws distinctions between persons listed on the declarations page as a named insured, and those who are covered for other reasons. Under the clear and unambiguous language of the Farmers policy, being an "insured person" only entitles Frederick to PIP coverage if he is not the "named insured" on his wife's USAA policy.

The trial court erred in finding Frederick was not a "named insured" on the USAA policy. The USAA policy states that "'[n]amed insured' as used in this Part means the person named on the Declarations and that person's spouse if a resident of the same household," and further, that a spouse who "ceases to be a resident of the same household during the policy period" will remain "a **named insured** for the full term of that policy period." This definition is nearly identical to that of "named insured" under N.J.S.A. 39:6A-2(g).

USAA does not dispute that it knew that Frederick and Angel were married and resided together in the "same household" at the inception of the USAA policy. (DUb10). Therefore, Frederick meets USAA's definition of "named insured" for PIP coverage purposes because he was Angel's spouse and a resident of her household when the policy term began.

USAA, nevertheless, contends that Frederick is not entitled to PIP coverage under its policy because he was not listed on the declaration page as either a "named insured" or an "operator." We reject this reasoning. A named insured "names" a spouse within the meaning of N.J.S.A. 39:6A-2(g) by identifying that person as a household resident when he or she applies for a policy. Palisades Safety & Ins. Ass'n v. Bastien, 175 N.J. 144, 150 (2003). A "spouse residing in [the named insured's] household . . . plainly [meets] the statutory requirements for an additional 'named insured.'" Ibid. (citing N.J.S.A. 39:6A-2(g)).

N.J.S.A. 39:6A-4 requires every standard automobile insurance policy to provide PIP coverage to named insureds as defined by N.J.S.A. 39:6A-2(g). A "named insured," her resident spouse, and her resident "family members" are to be covered for injuries sustained while occupying any vehicle, or even as a pedestrian. N.J.S.A. 39:6A-4. Selling a policy that purports to exclude a "named insured" from coverage violates that requirement.

A-2101-19

USAA also argues that it denied coverage because Frederick "had his own insurance policy with Farmers that was in full effect at the time of the accident." However, none of USAA's listed exclusions apply. Its policy excludes covered persons "other than the **named insured**" from benefits if they are "a **named insured** or resident relative under the terms of another policy." Because Frederick is a "named insured" on the USAA policy but not an "named insured" on the Farmers policy, he cannot be denied coverage on the basis that he is insured under another policy.

Finally, USAA argues that Frederick did not have an expectation of coverage under its policy. We find no merit in its argument. The terms of the policy are clear and unambiguous. "If the policy terms are clear, courts should interpret the policy as written and avoid writing a better insurance policy than the one purchased." Villa v. Short, 195 N.J. 15, 23 (2008) (quoting President v. Jenkins, 180 N.J. 550, 562 (2004)).

Applying both insurance policies as written, Frederick is a "named insured" on USAA's policy, and Farmers properly excluded him from the payment of PIP benefits pursuant to N.J.S.A. 39:6A-7(b). Accordingly, as to responsibility to provide PIP benefits to Frederick, we reverse the order granting summary judgment to Frederick and USAA, reverse the denial of Farmers'

motion for summary judgment, and remand to the trial court for entry of a judgment requiring USAA to provide PIP benefits to Frederick.

IV.

We next address responsibility for providing UM benefits. Farmers argues that USAA is obligated to provide UM benefits on a pro rata basis. We agree.

Automobile insurers are statutorily required to provide uninsured motorist coverage under standard insurance policies. N.J.S.A. 17:28-1.1(a). In turn, N.J.S.A. 17:28-1.1(c) provides in relevant part:

> If the insured had uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits.

Frederick is entitled to UM coverage under the Farmers policy because he was listed as an additional driver on the declaration page and was operating the insured vehicle at the time of the accident with permission. Because Frederick is considered a named insured on the USAA policy, he is also entitled to statutorily mandated UM coverage under that policy, regardless of any policy language to the contrary.

A-2101-19

The Farmers policy provides UM coverage in the amount of $100,000 per person. The USAA policy provides UM coverage in the amount of $25,000 per person. The trial court incorrectly ruled that Farmers was solely responsible for providing UM benefits to Frederick. Pursuant to N.J.S.A. 17:28-1.1(c), USAA and Farmers must provide UM benefits on a pro rata basis.

Reversed and remanded for entry of a judgment consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION